# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:23-cv-00364-FDW
## (CRIMINAL CASE NO. 3:19-cr-00394-FDW-DSC-1)

| | |
|---|---|
| **ROBERT ALLEN MCCLINTON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on remand from the Court of Appeals for the Fourth Circuit for the limited purpose of allowing this Court to obtain information from the parties to determine whether Petitioner filed a notice of appeal timely under Fed. R. App. P. 4(c)(1) and Houston v. Lack, 487 U.S. 266 (1988).[1] [See Doc. 11].

On January 9, 2024, the Court entered an Order denying Petitioner's motion for relief under 28 U.S.C. § 2255 and the Clerk entered Judgment thereon. [Docs. 6, 7]. On July 22, 2024, the Court received a filing from Petitioner consisting of (1) a letter dated July 10, 2024, in which the Petitioner states that he had previously written the Court in June 2024 asking for an update on his appeal but that he had received no response and (2) a copy of his purported Notice of Appeal from the Order denying his § 2255, which is dated March 5, 2024. [Docs. 8, 8-2]. These filings are postmarked July 18, 2024. [Doc. 8-2]. The Court has no record of having received Petitioner's Notice of Appeal or the June 2024 letter. Petitioner, however, attests in his Notice of Appeal that

---

[1] Under Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988), notices of appeal by pro se prisoners are deemed filed at the time a petitioner delivers it to the prison authorities for forwarding to the court clerk.

it was placed in the internal mailing system at Petitioner's correctional facility on March 5, 2024. [Doc. 8]. The Court will, therefore, require the parties to submit affidavits concerning the following:

(1) Any explanation for a failure by Petitioner's correctional facility to transmit Petitioner's Notice of Appeal or further information regarding the circumstances of its depositing for mailing by Petitioner;

(2) Any logs or other records of prisoner mail that would or should contain a record of Petitioner's Notice of Appeal and/or June 2024 letter and whether such records evidence Petitioner having deposited the Notice of Appeal for mailing;

(3) Any changes to prisoner mail procedure or efficacy between March 2024 and July 2024 that may have impacted the delivery of Petitioner's Notice of Appeal to the Clerk of Court and any records or other information that may inform the Court's determination of whether Petitioner timely filed a Notice of Appeal in this case.

Petitioner is advised that an affidavit is a written statement under oath; that is, a statement prepared in writing and sworn to before a notary public. In the alternative, an unsworn statement, made and signed under penalty of perjury, may also be submitted.

**IT IS, THEREFORE, ORDERED** that the parties shall file affidavits within 14 days of the date of this Order in accordance with the terms of this Order. Failure of Petitioner to respond in accordance with this Order will result in the Court determining on remand that Petitioner did not timely file a notice of appeal in this matter.

**IT IS SO ORDERED**.

Signed: November 22, 2024

Frank D. Whitney
United States District Judge