# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:23-cv-00364-FDW
# (CRIMINAL CASE NO. 3:19-cr-00394-FDW-DSC-1)

| | |
|---|---|
| **ROBERT ALLEN MCCLINTON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on remand from the Court of Appeals for the Fourth Circuit for the limited purpose of allowing this Court to obtain information from the parties to determine whether Petitioner filed a notice of appeal timely under Fed. R. App. P. 4(c)(1) and Houston v. Lack, 487 U.S. 266 (1988).[1] [See Doc. 11].

On January 9, 2024, the Court entered an Order denying Petitioner's motion for relief under 28 U.S.C. § 2255 and the Clerk entered Judgment thereon. [Docs. 6, 7]. On July 22, 2024, the Court received a filing from Petitioner consisting of (1) a letter dated July 10, 2024, in which the Petitioner states that he had previously written the Court in June 2024 asking for an update on his appeal but that he had received no response and (2) a copy of his purported Notice of Appeal from the Order denying his § 2255, which is dated March 5, 2024. [Docs. 8, 8-2]. These filings are postmarked July 18, 2024. [Doc. 8-2]. The Court has no record of having received Petitioner's Notice of Appeal or the June 2024 letter. Petitioner, however, attests in his Notice of Appeal that

---

[1] Under Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988), notices of appeal by pro se prisoners are deemed filed at the time a petitioner delivers it to the prison authorities for forwarding to the court clerk.

it was placed in the internal mailing system at United States Penitentiary Lee (USP-Lee), Petitioner's correctional facility, on March 5, 2024. [Doc. 8].

On remand, to make this determination, the Court ordered the parties to submit affidavits regarding the timeliness of Petitioner's notice of appeal within fourteen (14) days from November 22, 2024. [See Doc. 12]. The Court admonished the Petitioner that his failure to respond in accordance with the Court's Order "will result in the Court determining on remand that [he] did not timely file a notice of appeal in this matter." [Id. at 2].

The Government timely responded and provided a Declaration of Reginald Hounshell, the Supervisory Correctional Systems Specialist (SCSS) with the Federal Bureau of Prisons (BOP) at USP-Lee. [Docs. 13, 13-1]. Hounshell's duties include operational oversight over the USP-Lee Records Office, Mail Room, and Receiving & Discharge. [Doc. 13-1 at ¶ 2: Hounshell Dec.]. He attests that certain types of mail within the BOP, including USP-Lee, are identified as "special mail" and are subject to different handling procedures. "Special mail" includes correspondence to the U.S. Courts, the U.S. Department of Justice, the U.S. Attorney's Office, and other governmental entities. [Id. at ¶ 4]. Inmates with outgoing special mail hand deliver the special mail directly to a staff member, typically a member of the unit team or correctional systems staff. The staff member receiving the mail immediately confirms that the inmate delivering it is the same inmate reflected on the return address. After this confirmation, the staff member hand carries the mail to the mail room. [Id. at ¶ 5]. USP-Lee mailroom staff stamp outgoing special mail the same day they receive it from the inmate. A staff member takes outgoing mail to the United States Post Office for delivery the same day or the next day, depending on the time of day it is received. [Id. at ¶ 6]. USP-Lee does not maintain a log of outgoing special mail. [Id. at ¶ 7]. Institutional emergencies may preclude mail service. Service resumes, however, on the conclusion of the

emergency. [Id. at ¶ 3]. To the best of Hounshell's knowledge, there were no changes in mail procedures between March 2024 and July 2024 or any institutional emergencies that would have interfered with mail service. [Id. at ¶ 8]. Petitioner did not respond to the Court's Order to address timeliness and the deadline to do so has passed.

In its response, the Government also described Petitioner's filings relative to his motion to vacate his supervised release sentence, which stemmed from new law violations. [Doc. 13 at 2; see Case No. 3:23-cv-383-FDW, Doc. 1]. In particular, the Government noted that in those proceedings, after the Court had denied his motion to vacate and his motion to reconsider, Petitioner filed a notice of appeal dated April 28, 2024, in which Petitioner noted, "[b]ecause there is a question of the mixup of motions, etc…. Mr. McClinton now appeals any and all ORDERS so as to rectify the noted issue[.]" [Id., Doc. 13]. The Fourth Circuit dismissed that appeal for failure to prosecute. [Id., Doc. 16-1].

Here, the Court did not receive Petitioner's notice of appeal until July 22, 2024, and never received the June 2024 letter he claims to have written regarding the status of his appeal. To the extent that Petitioner intended for the notice of appeal he filed on April 28, 2024, in Case No. 3:23-cv-383-FDW to also constitute a notice of appeal from denial of his motion to vacate in the instant proceedings, it was untimely. Fed. R. App. P. 4(a)(1)(B), 4(c)(1). Hounshell's testimony reflects the absence of any factor that would have interfered with the timely transmission of Petitioner's mail during the relevant time. Finally, Petitioner failed to respond to the Court's Order requiring the parties to address the timeliness of filing a notice of appeal. For these reasons, the Court finds that Petitioner did not file a timely notice of appeal in this matter. See Fed. R. App. P. 4(a)(1)(B), 4(c)(1) and Houston, 487 U.S. 266.

**ORDER**

The Court, therefore, **FINDS** that Petitioner's notice of appeal from this Court's Order denying relief on Petitioner's 28 U.S.C. § 2255 motion was **not** timely filed.

Signed: December 23, 2024

Frank D. Whitney
Senior United States District Judge